UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

-vs-

TED LEE FRANCIS,

                                        Defendant.

_____

DECISION AND ORDER

02-CR-6099 (CJS)

INTRODUCTION

On June 18, 2003, Francis entered into a plea agreement and pled guilty to three counts: conspiracy to distribute, and possess with intent to distribute, marijuana, 5 grams or more of cocaine base, and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846; using, carrying or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 1651. *See* Order, 1–2, June 10, 2016, ECF No. 98. The Court sentenced Francis to a total of 300 months of imprisonment, followed by five years of supervised release, and ordered a total $3,000 fine and $300 assessment. J, July 27, 2011, ECF No. 64. Francis is presently housed at Pekin Federal Correctional Institution (FCI Pekin), with an anticipated release date of April 25, 2024.

Now before the Court are three applications: Francis' motion to reduce his sentence pursuant to the First Step Act [ECF No. 99]; Francis' supplemental motion to reduce his sentence [ECF No. 102]; and Francis' motion to amend / correct, which the Court construes as a motion for compassionate release [ECF No. 104]. For the reasons set forth below, all of Francis' applications [ECF Nos. 99, 102, 104] are denied.

FRANCIS' PRO SE STATUS

In his first motion to reduce his sentence, Francis requested the appointment of counsel to represent him in this matter. Mot., ECF No. 99 at 3. In that regard, the Court notes that the Western District of New York's standing order "In Re: 2018 First Step Act Litigation" (Jan. 15, 2019) provides that the Federal Defender's Office will undertake to represent defendants potentially eligible for relief under the First Step Act. *See* Implementation of the First Step Act at https://www.nywd.uscourts.gov/standing-orders-and-district-plans (last accessed September 21, 2022). Consistent with that order, Assistant Federal Public Defender MaryBeth Covert appeared on Francis' behalf on January 27, 2021, and asked the Court to hold the motion in abeyance until the Second Circuit decided what has since become *United States v. Reed*, 7 F.4th 105 (2d Cir. 2021). ECF No. 103. After Francis filed his motion for compassionate release, Attorney Covert notified the Court that her office had reviewed Francis' case and declined to enter a further appearance. Letter, June 29, 2022, ECF No. 107.

"The constitutional right to counsel extends only through the defendant's first appeal." *United States v. Reddick*, 53 F.3d 462, 464 (2d Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 755–57 (1991)). Further, motions under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), and there is no statutory right to counsel in § 3582(c) proceedings. *United States v. McGriff*, No. 20-3157-CR, 2022 WL 893731, at *2 (2d Cir. Mar. 28, 2022) (citing, *inter alia*, *United States v. Fleming*, 5 F.4th 189, 193, 194 n.4 (2d Cir. 2021)). However, under 28 U.S.C. § 1915(e), the Court in its discretion may appoint counsel to assist indigent litigants if the claims are likely to be of substance.

2

At this stage of the proceedings, the Court finds that the appointment of counsel is not warranted as Francis' claims are not meritorious, and there are no pending discovery issues requiring the assistance of counsel. Consequently, the Court declines to appoint counsel. "Nonetheless, the pleadings of a pro se inmate are to be construed liberally," and the Court will interpret Francis' papers to raise the strongest arguments that they suggest. *United States v. Detrich*, 940 F.2d 37, 38 (2d Cir. 1991); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).

§ 404 OF THE FIRST STEP ACT

With that in mind, the Court turns to Francis' motion [ECF No. 99] and supplemental motion [ECF No. 102] asking this Court for a sentence reduction under § 404 of the First Step Act.

Francis maintains that he is eligible for relief under § 404(b) of the First Step Act because the drug quantities warranting a five-year mandatory minimum sentence for the distribution of cocaine base (crack) were increased under the Fair Sentencing Act from 5 grams to 28 grams of crack. Mot., ECF No. 99 at 2 (discussing the penalties codified at 21 U.S.C. § 841(b)(1)(B)). He also argues that the sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of a reduced sentence due to "the good positive adjustment and rehabilitation" he has demonstrated in prison. Mot. at 3. Francis' supplemental motion elaborates on the latter argument, noting that he has made substantial progress through a "solid work ethic in . . . food service from 4:30 AM to 12:30 PM and by achieving educational; rehabilitation and health and fitness certificates." Suppl. Mot., ECF No. 102 at 2–3. His supplemental motion also alludes to his mother-in-law's needs for help with

3

care, and his intention to provide for his family through full-time employment. Suppl. Mot. at 3.

Legal Principles

In order to reduce the sentencing disparity between offenses for powder cocaine and cocaine base (i.e., crack), the Fair Sentencing Act of 2010 increased the threshold quantity for any person convicted under 21 U.S.C. § 841(b)(1)(A)(iii) of possession with intent to distribute a mixture or substance containing cocaine base from 50 grams to 280 grams. *See* Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (2010). However, the Act did not apply retroactively to defendants who had been convicted before the Act became effective. *See Dorsey v. United States*, 567 U.S. 260, 281 (2012).

In 2018, Congress passed the First Step Act, which made retroactive the sentencing reforms from the Fair Sentencing Act of 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). § 404(a) of the First Step Act defined "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before" the Fair Sentencing Act was enacted. § 404(b) provided that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *See, e.g., United States v. Rose*, 379 F. Supp.3d 223, 227 (S.D.N.Y. 2019).

District courts in this Circuit approach motions for sentence modification under the First Step Act with a two-part analysis. *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020). First, the courts inquire whether the defendant is serving a sentence imposed for

4

a "covered offense," and therefore *eligible* for a sentence reduction under the Act. *See, e.g., United States v. Davis*, 423 F. Supp.3d 13, 16 (W.D.N.Y. 2019) *aff'd* 961 F.3d 181 (2d Cir. 2020). If the answer to the first inquiry is affirmative, then the courts inquire whether, in the Court's sound discretion, a sentence reduction is *warranted* under the particular facts of the defendant's case. *Id.* at 17.

An eligible defendant "is not necessarily entitled to relief. The First Step Act is clear that it does not 'require a court to reduce any sentence.'" *Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) (quoting the First Step Act, § 404(c), 132 Stat. at 5222). "[A] district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." *Moore*, 975 F.3d at 92 n. 36. Courts in this circuit commonly consider the relevant 18 U.S.C. § 3553(a) factors, as well as the remedial purposes of the First Step Act, and the defendant's post-sentencing conduct. *See United States v. Thomas*, 827 F. App'x 63, 65 (2d Cir. 2020); *United States v. Campbell*, 502 F. Supp.3d 752, 757 (W.D.N.Y. 2020); *United States v. Simons,* 375 F. Supp.3d 379, 389 (E.D.N.Y. 2019). Additionally, "a district court must take into account Guidelines range changes that result directly from the retroactive application of" the Fair Sentencing Act. *Moore*, 975 F.3d at 91.

Application

In the present case, Francis is eligible for a sentencing reduction under Section 404 of the First Step Act on his narcotics conspiracy conviction, because the offense was based in part upon a crack cocaine object whose statutory penalties were modified by the Fair Sentencing Act. *Reed*, 7 F.4th at 110. However, although Francis is *eligible* for a

5

sentencing reduction, he has not presented evidence that would persuade the Court that a reduction is *warranted*. After considering the goals of sentencing outlined in 18 U.S.C. § 3553(a), the Court finds a sentence reduction in Francis' case would not reflect the seriousness of his offense or promote respect for the law and provide just punishment for the offense. A reduction in sentence also would not afford adequate deterrence to criminal conduct.

At his plea hearing, Francis admitted that over a period of several years, he and an associate planned and executed several robberies of drug dealers for the purpose of obtaining powder and crack cocaine that they could later distribute themselves. Sent. Tr. at 15–16. He also admitted that he possessed with the intent to distribute 500 grams of powder cocaine and 5 grams of crack cocaine, and that his relevant conduct actually involved between 3.5 and 5 kilograms of powder cocaine. Sent. Tr. at 16. Lastly, Francis admitted that for a few years he possessed and used guns in furtherance of his drug trafficking crimes. Sent. Tr. at 16.

Further, Francis' presentence investigation report indicated that Francis had a criminal history category of V, reflecting a lifetime of crime beginning when he was 17 years old, and including multiple disorderly conducts, harassment, criminal possession of a controlled substance, and third-degree robbery. PSR, ¶ 72–89, Jul. 19, 2011, ECF No. 64. And, as the Court alluded to at Francis' sentencing hearing, the Court learned at the trial of Francis' co-conspirators of additional "very bad things" with very bad people that Francis had done prior to his arrest that he was not being charged with. Sent. Tr., 12-13, Nov. 14, 2011, EFC No. 69. In sum, after considering Francis' submissions, the record in

this case, and the § 3553(a) sentencing factors, the Court finds that the sentencing factors weigh against a reduction of Francis' sentence and his respective motions for a sentence reduction [ECF No. 99 and 102] are denied.

"COMPASSIONATE RELEASE" UNDER § 603 OF THE FIRST STEP ACT

Francis also seeks relief under § 603 of the First Step Act, otherwise known as "compassionate release." In this regard, Francis argues that his compassionate release under 18 U.S.C. §3582(c)(1)(A)(i) is justified by the following "extraordinary and compelling reasons": (1) his health conditions, including high cholesterol, chronic back pain, depression, pain in his chest, asthma, and arthritis; and (2) the conditions at FCI Pekin. Mot. for Comp. Release, Feb. 12, 2021, ECF No. 104.

Legal Principles

The legal principles applicable to a motion for compassionate release are clear:

> As part of the First Step Act of 2018, Congress authorized courts to consider an inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," often colloquially called a motion for compassionate release. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)).

*U.S. v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).

> [T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of [U.S. Sentencing] Guideline § 1B1.13, limits the district court's discretion.

*United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) ("The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall not be considered an extraordinary and compelling reason."). Nevertheless, "[e]ven if 'extraordinary and compelling' circumstances exist, a district court may not reduce a defendant's sentence before considering 'the factors set forth in section 3553(a)

to the extent that they are applicable.'" *United States v. Cummings*, No. 20-3156-CR, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Application

Here, Francis has not demonstrated extraordinary and compelling reasons for the Court to release him from prison or to reduce his sentence.

To begin with, Francis has not shown extraordinary or compelling reasons based on the conditions at FCI Pekin. A check of the Bureau of Prisons website reveals that there are presently three confirmed active case of COVID-19 among staff at FCI Pekin, and no active cases among inmates. *Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (last visited Sept. 23, 2022). Further, the Probation Department reports that since the beginning of the COVID-19 outbreak there have been no inmate or staff deaths to 791 inmate recoveries and 115 staff recoveries from COVID-19 at the facility.

With respect to Francis' health conditions, the Court notes that COVID-19 does not warrant the release of every federal prisoner with health conditions that may make him more susceptible to severe symptoms, particularly where – as here – that prisoner has failed to present clear evidence that he falls in a higher risk category and of the precise implications of his specific conditions. *See, e.g., United States v. Cleveland*, No. 12-CR-6109-FPG, 2020 WL 6886559, at *3 (W.D.N.Y. Nov. 24, 2020) (noting that "the risk of contracting COVID-19 is present outside prison as well").

Moreover, even assuming *arguendo* that Francis had demonstrated extraordinary and compelling reasons, the Court would still deny relief based upon the 18 U.S.C. § 3553(a) sentencing factors. As discussed above, the serious nature of Francis' crimes and pre-conviction conduct, and the need to adequately deter the scourge of large-scale crack and cocaine distribution, weigh against his release. *See United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) ("a compassionate-release motion is not an opportunity to second guess or to reconsider the sentencing court's original decision") (internal citation and quotation marks omitted).

CONCLUSION

Accordingly, it is hereby

ORDERED that Francis' motions under the First Step Act [ECF Nos. 99 and 102] for a sentence are denied; and it is further

ORDERED that Francis' motion for compassionate release [ECF No. 104] is denied.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:        September 27, 2022
              Rochester, New York


                                     CHARLES J. SIRAGUSA
                                     United States District Judge

9